The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion concerning a councilman in the City of Charleston. Specifically, you note that a councilman has been placed on standby active duty and may be called to serve in Operation Desert Shield prior to the expiration of his term and the swearing in of the newly elected councilman. Your question is whether, if the present councilman is called to active duty, the newly elected councilman may be sworn in and act in his elected capacity prior to the normal swearing in which takes place after the first of the year.
It is my opinion that generally, the answer to your question is "no", but it is possible that the newly elected councilman could be appointed to fill the vacancy created if the present councilman is called to active duty.[1]
It is my opinion that the newly elected councilman could not, under the statutes, just be sworn in early. Section 14-42-201
of the Arkansas Code provides that newly elected municipal officials shall take office on January 1. If the councilman were to take office earlier than this date, a deviation from the statutes would occur.
There is, however, a specific statute which addresses the procedure for filling vacancies such as the potential one in issue here. Section 21-4-302 of the Arkansas Code grants a leave of absence to municipal official called to active military service. The statutes provide, as regards the office of councilman, that the councilman himself shall select a competent and qualified person to perform his duties during his absence and shall certify his selection to the Governor or other persons who would be authorized to fill the vacancy. See A.C.A. 21-4-304. In this instance, it appears that the name would be certified to the city council. A.C.A. 14-44-104. We have found no provision which would prohibit the newly elected councilman from being selected by the incumbent councilman.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We recognize that the issue may be moot at this point, but will address the issue for your information and future reference.
[2] Arkansas Constitution, Amendment 29, 2 does not apply to municipal officials.